**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
CASE NO.: 1:21-CV-2076**

RUBY GOODMAN

PLAINTIFF

v.

JACOB MASSOTH, in his individual
and official capacity as an Officer of
the Muncie Police Department;  the          DEFENDANTS
MUNCIE POLICE DEPARTMENT;
and the CITY OF MUNCIE,
INDIANA

## NOTICE OF REMOVAL

Please take notice the Defendants, Jacob Massoth, in his individual and official capacity as an officer of the Muncie Police Department; the Muncie Police Department; and the City of Muncie, Indiana (collectively, "Defendants"), have removed this action from the Delaware County Circuit Court to the United States District Court for the Southern District of Indiana, Indianapolis Division. Delaware County Circuit Court is located within the jury division of the United States District Court for the Southern District of Indiana, Indianapolis Division. Copies of all process, pleadings, and orders of record are attached hereto and made a part hereof.

## GROUNDS FOR REMOVAL

1.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's excessive force claims alleging violations of the 4th Amendment, 8th Amendment, and 14th Amendment of the United States Constitution. Defendants may therefore remove this action to this Court pursuant to 28 U.S.C. § 1441(a) and (c) because this action includes claims arising under the Constitution, laws, or treaties of the United States.

2.      This Court has supplemental jurisdiction over all remaining claims in this action including Plaintiff's (i) state constitutional claims, and (ii) negligent hiring, supervision, and retention claims asserted against Defendant, the City of Muncie, Indiana because "they are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As such, removal of the entire action is proper and consistent with 28 U.S.C. § 1367.

3.      The Plaintiff commenced this action in the Delaware County Circuit Court by filing a Complaint on July 1, 2021, styled *Ruby Goodman v. Jacob Massoth, in his individual and official capacity as an officer of the Muncie Police Department; the Muncie Police Department; and the City of Muncie*, Cause Number: 18C03-2107-CT-000074. The Plaintiff's Complaint seeks compensatory and punitive damages and asserts (i) federal and state constitutional violations against Muncie Police Officer Jacob Massoth for alleged use of unreasonable and excessive force, and (ii) negligent hiring, supervision, and retention claims against the City of Muncie relating to the alleged conduct of the Officer Massoth.

4.      This Notice of Removal is timely filed, pursuant to 28 U.S.C § 1446(b)(1) because it has been filed within thirty (30) days of Defendants' receipt of a copy of the Complaint.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders of record in this matter, including the Defendant's Notice of Removal filed in the state court, are attached hereto as Exhibit A.  A copy of the docket summary from the Delaware County Circuit Court is attached as Exhibit B. A copy of the state court Complaint is attached as Exhibit C.

6.      The Court's exercise of Federal Question jurisdiction is proper pursuant to 28 U.S.C. § 1441(a) and (c) because Plaintiff's claims in the civil action against Defendants include alleged violations of the 4th Amendment, 8th Amendment, and 14th Amendment of the United

States Constitution. This Court has original jurisdiction over these constitutional claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the related state negligence and constitutional claims pursuant to 28 U.S.C. § 1367 because they "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Both the federal and state claims arise out of an incident on July 1, 2019 starting at Plaintiff's house where Muncie Police Department officers responded to a call for an overdose of Goodman's son, Louis Goodman Jr. (Compl. at ¶5-8). Ms. Goodman was subsequently arrested after Louis was transported to the hospital for allowing her son to use drugs in the presence of children. Officer Massoth transported Plaintiff from the hospital to the Delaware County Jail. Plaintiff alleges that Officer Massoth used excessive force against her at that time. (Compl. at ¶¶ 14-18). The Complaint also alleges that Defendant City of Muncie's alleged negligent hiring was "the proximate cause of the use of excessive force against Ms. Goodman[,]" which is the predicate of the federal constitutional claims. (Compl. at ¶¶ 25-28).

7.    By removing this action to this Court, the Defendants do not waive any defenses available to them and expressly reserve the right to assert all such defenses.

8.    There are no other defendants to this action who would need to consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, the Defendants respectfully request this Court assume jurisdiction over the above-captioned case.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP

*s/Tia J. Combs*

Casey C. Stansbury
Tia J. Combs
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
cstansbury@fmglaw.com
tcombs@fmglaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served, via the ECF system, on this the 21st

day of July, 2021, upon the following:

M. Edward Krause, III
Cohen Garelick & Glazier
8888 Keystone Crossing Blvd. Ste. 800
Indianapolis, IN 46240
ekrause@cgglawfirm.com
*Counsel for Plaintiff, Ruby Goodman*

*s/Tia J. Combs*
*Counsel for Defendants*