UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
CASE NO.: 1:21-CV-02076-JPH-DLP

*Electronically Filed*

| | |
|---|---|
| RUBY GOODMAN | PLAINTIFF |
| v. | |
| JACOB MASSOTH, in his individual and official capacity as an Officer of the Muncie Police Department; the MUNCIE POLICE DEPARTMENT; and the CITY OF MUNCIE, INDIANA | DEFENDANTS |

### ANSWER OF DEFENDANTS, JACOB MASSOTH, MUNCIE POLICE DEPARTMENT, AND CITY OF MUNCIE, INDIANA

Come the Defendants, Jacob Massoth, in his individual and official capacity as an officer of the Muncie Police Department; the Muncie Police Department; and the City of Muncie, Indiana Defendants (collectively, "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny them.

2. With regard to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants admit so much of the allegations contained in Paragraph 2 of the Complaint that Defendant, Jacob Massoth, is a sworn officer and employee of the Muncie Police Department, acting in the course and scope of his employment at the time of the Plaintiff's arrest on July 1, 2019. The remaining allegations contained in Paragraph 2 of the Complaint are such that no responsive pleading is permitted or required, and they are therefore deemed denied or avoided.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore deny them.

6. With regard to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendants admit that Plaintiff is 67 years old, but Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny them.

7. With regard to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 which pertain to any information given to Delaware County EMS. Defendants admit that they were notified that a man was unconscious at 700 West Memorial Drive and in need of assistance and that Officer Massoth responded to that call. All other allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. With regard to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendants admit Massoth was a responding offer and administered CPR and Narcan to Lois Goodman Jr. All other allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. With regard to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations Louis Goodman Jr. was transported to IU-Ball Memorial Hospital. Defendants lack knowledge or information sufficient to form a belief as to the allegations remaining allegations contained in Paragraph 10 and therefore deny them.

11. With regard to the allegations contained in Paragraph 11, of Plaintiff's Complaint, Defendants deny that Officer Massoth "verbally harassed Plaintiff" and "called Plaintiff many

derogatory names." Defendants admit that Plaintiff was questioned at the hospital. Defendants deny all other allegations that might be contained in Paragraph 11 of Plaintiff's Complaint.

12. With regard to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendants affirmatively state that Plaintiff was arrested for maintaining a common nuisance-drugs, obstruction of justice, resisting law enforcement, and battery on a law enforcement officer. Defendants lack knowledge or information sufficient to form a belief as to the allegations remaining allegations contained in Paragraph 12 and therefore deny them.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and therefore deny them. Defendants specifically deny all allegations contained in Plaintiff's Notice of Tort Claim and deny that she is entitled to any damages for any allegations made in the Notice of Tort Claim or her Complaint.

22. There are no allegations against any Defendant in Paragraph 22 of Plaintiff's Complaint. To the extent a more specific response is required, Defendants reallege and reiterate all prior defenses.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. There are no allegations against any Defendant in Paragraph 25 of Plaintiff's Complaint. To the extent a more specific response is required, Defendants reallege and reiterate all prior defenses

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. The remaining allegations in Plaintiff's Complaint set forth a prayer for relief to which no response is required. To the extent these allegations may be construed against Defendants, they are denied.

30. Defendants deny any and all allegations in Plaintiff's Complaint not specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim or cause of action against Defendants upon which relief can be granted and should, therefore, be dismissed.

2. Plaintiff's Complaint is barred by the applicable statute of limitations.

3. The Complaint fails to state the elements of a claim under 42. U.S.C. § 1983.

4. There is no private right of action under the Indiana Constitution.

5. The Plaintiff failed to mitigate her alleged damages, and aggravated same by her own actions or inaction which bars, in whole or in part, her claims for damages.

6. Plaintiff's claims are barred by qualified immunity as the Defendant Officer was performing a discretionary function and "his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's claims may also be barred by sovereign immunity, absolute immunity, common law immunity, official immunity, immunity under the Indiana Tort Claims Act, and any other applicable immunities available to Defendants.

7. The Plaintiff's state law claims, if any, are barred by I.C. § 34-13-3-3 and I.C. § 34-13-3-5, inclusive.

8. Plaintiff's claims fail as a matter of law under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1977) because the Complaint does not allege, and Plaintiff cannot establish a policy or custom of City of Muncie that was the moving force behind the alleged violation.

9. At all times complained of, Defendant Massoth acted in good faith and in conformity with all applicable standards, laws, and regulations pertaining to his alleged conduct and with an objective, reasonable belief that his actions were lawful.

10. At all times complained of, Defendant Massoth acted in his official capacity in the course and scope of employment and therefore, acted under privilege to engage in said conduct.

11. The damages alleged by Plaintiff, if any, were caused and brought by the actions of an individual who Defendants had no control of or responsibility for, and Defendants are without fault and plead and rely upon same as a complete bar to the Plaintiff's claims.

12. Defendants are not responsible or liable for the acts or omissions of persons or entities, including, but not limited to, the Plaintiff, and other individuals or entities not a party to this action.

13. The damages alleged by Plaintiff were caused at least in part by Plaintiff's own actions and negligence; Defendants plead and rely upon said comparative negligence as a partial or complete bar, as applicable, to the Plaintiff's claims.

14. The damages alleged by Plaintiff were caused by the Plaintiff's own actions and negligence, and Defendants are without fault; Defendants plead and rely upon said contributory negligence as a complete bar to the Plaintiff's claims.

15. The alleged acts or omissions of Defendants were not the proximate cause or an essential factor in causing the Plaintiff's alleged damages, the existence of which is specifically denied.

16. The alleged acts or omissions of Defendants were not the active or primary cause of the Plaintiff's alleged damages, the existence of which is specifically denied.

17. The damages alleged by the Plaintiff were caused or brought about by an intervening superseding event of which Defendants had no control over or responsibility for, and Defendants are without fault and plead and rely upon same as a complete bar to Plaintiff's cause of action.

18. Defendants state that probable cause for the Plaintiff's arrest existed.

19. Plaintiff's claim for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

20. Defendants state that the *Heck* doctrine bars the Plaintiff's claims.

21. Because investigation of the allegations contained in Plaintiff's Complaint is not complete at this time, Defendants may have defenses which are not presently known. Therefore, in order to preserve any such defenses, these Defendants herein incorporates by reference all of

those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, these Defendants reserve all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this pleading in order to clarify, if necessary, the applicability of any such defense or to add any other defenses (affirmative or otherwise) pertinent to this action

22. Defendants state that the conduct of Defendants does not justify or support an award of punitive damages under applicable law. Any recovery of punitive damages by the Plaintiff is unconstitutional in that the system for the imposition and review of punitive damage awards violates Defendants' rights under the Constitution of the United States of America, including without limitation, Defendants' rights to both substantive and procedural due process under the due process clause of the Fourteenth Amendment to the Constitution.

23. Defendants state that the Plaintiff's claim for punitive damages should be dismissed because any punitive damage award, without bifurcating the trial and trying the punitive damage issues if and only if liability was found on the merits, would violate Defendants' due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

24. Defendants state that the Plaintiff's claim for punitive damages should be dismissed because a punitive damage award which is not subject to a predetermined limit on the amount of punitive damages that a jury may impose would violate Defendants' due process rights as guaranteed by the Constitution.

25. Defendants state that the Plaintiff's claim for punitive damages should be dismissed because a jury, under federal law:

> a. Is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award;

      b. Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

      c. Is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of the Defendants;

      d. Is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and

      e. Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

26. For the foregoing reasons, a punitive damage award would violate Defendants' due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution.

27. Defendants state that the Plaintiff's claim for punitive damages is not permitted without proof of each and every element beyond a reasonable doubt and, as such, violates Defendants' due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

28. Defendants state that the Plaintiff's claim for punitive damages should be dismissed because any award of punitive damages without the same protections accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the

effective assistance of counsel, would violate Defendants' rights under the United States Constitution.

29. Plaintiff's claim for punitive damages for "official capacity" claims fails as a matter of law pursuant *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

30. Defendants reserve the right to assert any and all additional affirmative defenses, cross-claims, counterclaims, or First Amended Third-Party Complaints as the evidence may warrant in this matter.

WHEREFORE, Defendants, Jacob Massoth, in his individual and official capacity as an Officer of the Muncie Police Department; the Muncie Police Department; and City of Muncie, Indiana demand judgment that the Plaintiff's Complaint be dismissed; and that the Plaintiff recovers nothing thereby; further, these Defendants demand judgment for their costs herein expended, and any and all other proper relief to which they may be entitled, including attorneys' fees and a TRIAL BY JURY.

FREEMAN MATHIS & GARY, LLP

*s/Tia J. Combs*
Casey C. Stansbury
Tia J. Combs
Danayia Hudson
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
cstansbury@fmglaw.com
tcombs@fmglaw.com
dhudson@fmglaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  This is to certify that the foregoing has been served, via the ECF system, on this the 25th day of August 2021, upon the following:

Edward Krause, III
Cohen Garelick & Glazier
8888 Keystone Crossing Blvd. Ste. 800
Indianapolis, IN 46240
ekrause@cgglawfirm.com
*Counsel for Plaintiff,*
*Ruby Goodman*

            *s/Tia J. Combs*
            *Counsel for Defendants*